## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA        CRIMINAL ACTION NO. 19-00061

VERSUS        JUDGE S. MAURICE HICKS, JR.

GLENN FRIERSON        MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is Defendant Glenn Frierson's ("Frierson") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 75). The Government has opposed the motion (Record Document 79). For the reasons set forth below, Frierson's Motion is **DENIED**.

### FACTUAL BACKGROUND

On August 16, 2019, Frierson pled guilty to a two-count bill of information charging him with possession with intent to distribute methamphetamine and possession of a firearm by a convicted felon. See Record Document 45. On December 10, 2019, Frierson was sentenced to 151 months of imprisonment on the drug count and 120 months on the firearm count, to run concurrently. See Record Document 79.

On December 29, 2023, Frierson filed the instant *pro se* letter motion seeking compassionate release or, alternatively, a reduction in sentence. See Record Document 75. In his motion, Frierson argues that conditions of confinement at United States Penitentiary Beaumont, including violence, understaffing, lockdowns, and limited programming, warrant relief under § 3582(c)(1)(A). See id. He also references his rehabilitation efforts and family circumstances. See id.

The Government opposes the motion, arguing that Frierson failed to exhaust his administrative remedies, and that exhaustion is a mandatory prerequisite to judicial review. See Record Document 79. According to the Government, a search of Bureau of Prisons records reflects that Frierson did not submit a request for compassionate release to the warden of his facility. See id.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Frierson moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Government argues that Frierson has not exhausted his administrative remedies.

The Fifth Circuit has made clear that this exhaustion requirement is a mandatory rule that must be enforced when properly raised by the Government. See United States v. Franco, 973 F.3d 465, 468–69 (5th Cir. 2020). Courts lack discretion to waive this requirement. See id.

Here, Frierson failed to demonstrate that he submitted a request for compassionate release to the warden of USP Beaumont prior to filing his motion. See Record Document 75. The Government represents that a Bureau of Prisons records search confirms no such request was made. See Record Document 79. Because Frierson did not exhaust his administrative remedies as required by statute, the Court is procedurally barred from considering the merits of his compassionate release motion.

**CONCLUSION**

For the reasons stated above, Frierson's Motion for Compassionate Release (Record Document 75) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of January, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT